CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
6/17/2019
JULIA C. DUDLEY, CLERK
BY: s/ J. Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| TECHINT SOLUTIONS GROUP, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 5:18-cv-00037 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| BRANDON SASNETT, *et al.*, ) | United States District Judge |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

At a June 11, 2019 hearing, the court heard argument on a number of pending motions, ruled on some of them, and took some of them under advisement. In this opinion, the court addresses two of the motions that it took under advisement: defendant Red Six LLC's motion to dismiss for lack of jurisdiction (Dkt. No. 129) and defendant Scott Crino's motion to dismiss for lack of jurisdiction (Dkt. No. 131).[1] These two defendants were added by an amended complaint; previously, the only defendant had been Brandon Sasnett. Both motions are premised on the assertion that Red Six's addition to the case destroys the court's diversity jurisdiction.

Red Six, which is a limited liability company, has the citizenship of all of its members. *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). Plaintiff TechINT Solutions Group, LLC (TechINT) conceded at the hearing that one of Red Six's members, Conrad A. Dreby, is a Virginia citizen, thus making Red Six a citizen of Virginia, in addition to other states. Because TechINT also is a Virginia citizen, Red Six's presence in the case would destroy complete diversity, the only proffered basis for this court's subject-matter jurisdiction.

---

[1] In the same document, Crino moves to dismiss for failure to state a claim under Rule 12(b)(1). That portion of his motion will be addressed by separate order.

Based on this, Red Six argues that the entire case should be dismissed for lack of subject-matter jurisdiction. In particular, it contends that it is an indispensable party and that dismissal of the case is required. Red Six's counsel also suggested at the hearing that, alternatively, the court could dismiss Red Six *and* Crino and leave Sasnett as a defendant, although counsel admitted that he had no cases stating that the court had authority to dismiss a diverse party in addition to the nondiverse one.[2]

For its part, TechINT contends that Red Six is not an indispensable party. It asserts that the court should exercise its discretion under Rule 21 of the Federal Rules of Civil Procedure and simply drop Red Six from the case and allow the remaining claims to go forward against Sasnett and Crino, both of whom are diverse from TechINT.[3] For the reasons discussed herein, the court agrees with TechINT. Thus, it will grant the motions to dismiss insofar as they seek the dismissal without prejudice of Red Six. Crino will remain as a defendant.

## I. BACKGROUND

In broad terms (and as set forth in the allegations of the Amended Complaint), this case involves claims by an employer, TechINT, against its former employee, Sasnett, who left its

---

[2] As a practical matter, that seems to be a good option. That is, Red Six is clearly not indispensable as to the claims against Sasnett, but because of its close relationship with Crino, Red Six's indispensability as to Crino is a somewhat closer call. Nonetheless, the court concludes that Red Six is not indispensable, as discussed herein, and, in any event, the court has not found any authority expressly allowing it to dismiss a diverse party because of its relationship with a dispensable nondiverse party. To the contrary, in the cases discussing a court's options under these circumstances, most address the proposition as a binary choice—either dismissal of the entire case or dismissal of the nondiverse party/parties only. *E.g.*, *Hardaway v. Checkers Drive-In Rests., Inc.*, 483 F. App'x 854, 855 (4th Cir. 2012). Indeed, the court has not found any cases where the court declined to dismiss the entire case but instead dismissed one or more diverse parties in addition to the dismissal of the nondiverse party.

[3] This issue often comes up in a case where there is a pending motion for leave to amend and the court is considering whether to allow the addition of new parties. In this case, the court granted leave to amend to add Red Six and Crino (Order, Dkt. No. 119), but it did so before Red Six and Crino had the full fourteen days to oppose the motion for leave, which they say they would have done. (*See* Defs.' Reply to Pl.'s Opp'n to Defs.' Mot. for Stay 2, Dkt. No. 153.)

employ and was immediately thereafter employed by Red Six, a customer of TechINT's. Crino is Red Six's CEO and the person who communicated with Sasnett regarding his hiring. Shortly after Sasnett's hiring by Red Six, TechINT advised Crino that Sasnett had a Services Agreement that barred him, for a term of two years after his employment with TechINT ended, from providing the same services TechINT provided to its actual clients and certain prospective clients and also barred him from soliciting TechINT employees. Even after Crino learned of that agreement and received a copy of it, Red Six continued to employ Sasnett. TechINT also argues that Red Six immediately cancelled its own purchase order with TechINT and that Red Six and Sasnett began doing work for some of TechINT's clients or prospective clients.

The claims in the complaint are:

> Count I: a breach of contract claim for breach of the Services Agreement (against Sasnett only);
> Count II: tortious interference with contract and business expectancies (against all defendants);
> Count III: conversion (against Sasnett only);
> Count IV: conspiracy (against all defendants);
> Count V: breach of fiduciary duty and aiding and abetting breach of fiduciary duty (against all defendants); and
> Count VI: injunctive relief enforcing the terms of Sasnett's Services Agreement and ordering all defendants to "cease any further unlawful activity."

(Am. Compl., Dkt. No. 120.)

## II. DISCUSSION

The court's analysis must start with a determination of whether Red Six is an indispensable party. As the Supreme Court has explained,

> "[T]he question always is, or should be, when objection is taken to the jurisdiction of the court by reason of the citizenship of some of the parties, whether . . . they are indispensable parties, for if their interests are severable and a decree without prejudice to their rights may be made, the jurisdiction of the court should be retained and the suit dismissed as to them." *Horn v. Lockhart,* 17 Wall. 570, 579, 21 L.Ed. 657 (1873). Federal Rule of Civil Procedure 21 provides that

3

> "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." By now, "it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered." *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 832, 109 S. Ct. 2218, 104 L.Ed.2d 893 (1989).

*Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 572–73 (2004); *see also Hardaway v. Checkers Drive-In Rests., Inc.*, 483 F. App'x 854, 855 (4th Cir. 2012) (noting, in similar circumstances, that the district "court should have determined whether the defendants sought to be dropped were dispensable parties, whether dropping these defendants would result in diversity jurisdiction, and whether the remaining defendants would be prejudiced by their dismissal").

In determining whether Red Six is indispensable, the court looks to four factors:

> First, to what extent a judgment rendered in [Red Six's] absence might be prejudicial to [Red Six] or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the [Red Six's] absence will be adequate; fourth, whether [TechINT] will have an adequate remedy if the action is dismissed . . . .

*See Yashenko v. Harrah's NC Casino Co., LLC*, 446 F.3d 541, 552 (4th Cir. 2006) (quoting Fed. R. Civ. P. 19(b)). The analysis under Rule 19(b) "is not mechanical; rather it is conducted in light of the equities of the case at bar." *Nat'l Union Fire Ins. Co. of Pittsburgh v. Rite Aid of S.C., Inc.*, 210 F.3d 246, 252 (4th Cir. 2000) (citation omitted).

Some general principles are also relevant here. For example, the mere fact of joint and several liability does not render a party indispensable. *E.g.*, *EFA Props., Inc. v. Lake Toxaway Cmty. Ass'n*, No. 1:17cv52, 2018 WL 296036, at *7 (W.D.N.C. Jan. 4, 2018) (collecting authority); *see also S.C. Elec. & Gas Co. v. Ranger Const. Co.*, 539 F. Supp. 578, 580 (D.S.C. 1982) ("It is generally held that a non-diverse defendant who is a jointly and severally liable tort-

feasor is not an indispensable party to a diversity action under Rule 19 and may be dismissed by the court in order for it to retain jurisdiction."). Similarly, it is generally true that a principal and its agent are not indispensable parties in a suit against the other. *Bausch v. Philatelic Leasing, Ltd.*, 728 F. Supp. 1201, 1209 (D. Md. 1990) ("Principals and agents are not, as a general rule, indispensable parties."); *Willis v. Semmes, Bowen & Semmes*, 441 F. Supp. 1235, 1246 (E.D. Va. 1977) (finding that a nondiverse party, who was alleged to be both a joint tortfeasor and an agent for a diverse defendant, was not an indispensable party). Nor does the fact that Red Six is alleged to be a co-conspirator or that injunctive relief is sought necessarily render Red Six an indispensable party. *See Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 330 (1955) (alleged co-conspirators were joint tort-feasors and not indispensable parties); *Georgia v. Pennsylvania R. Co.*, 324 U.S. 439, 463 (1945) (holding that some alleged conspirators were not indispensable parties and explaining that "[i]n a suit to enjoin a conspiracy not all the conspirators are necessary" defendants).

These general principles inform the court's analysis, but they are not dispositive. *See, e.g.*, *Landress v. Tier One Solar LLC*, 243 F. Supp. 3d 633, 645 (M.D.N.C. 2017) (recognizing the general rule that joint tortfeasors are not indispensable but concluding that the CFO of the corporate co-tortfeasor was an indispensable party under the facts of that case). Instead, as noted, the court must focus on the particulars and "the equities" of this specific case. *See Nat'l Union Fire Ins. Co. of Pittsburgh*, 210 F.3d at 252.

In focusing on the particulars here, the court notes two important considerations. First, Crino is a member of Red Six and its CEO, and many, if not all, of his actions were alleged to have been taken as an agent of Red Six. Additionally, at least some of Red Six's liability (if not

5

all of it—the court is unclear), is premised on respondeat superior/vicarious liability. Thus, the claims against Crino and Red Six are very closely related.

Second, the court already has entered a preliminary injunction enjoining Sasnett from violating the non-competition and non-solicitation clauses in his Services Agreement. TechINT has emphasized that this injunctive relief is significant and important to it and that the final injunction it seeks is likewise an extremely important part of the relief it is seeking in this action.

Turning now to the first of the four factors set forth in Rule 19(b)—to what extent a judgment rendered in Red Six's absence might be prejudicial to Red Six or the other parties—this factor weighs—at least slightly—in favor of complete dismissal. That is, if the court were to render a judgment against Crino in Red Six's absence, there is a potential for some prejudice to Red Six. In particular, Crino is a member of the limited liability company and its CEO, and they are represented by the same counsel. Certainly, there is an extremely close association between the two. As Red Six notes, then, it will likely continue to be involved (as a non-party) in the litigation before this court and then it would have to litigate in a second forum if TechINT chooses to re-file in state court.

But this same prejudice will occur in nearly any case where an agent but not his principal is a party, because the principal has a strong incentive to assist its agent in presenting his best defenses, at least when the agent acted within the scope of his employment. Despite the fact that this incentive exists in nearly every such case, the general law nonetheless is that such an agency relationship alone is insufficient to render one of the parties indispensable. So, while having to be involved in litigation in two forums is some prejudice to Red Six, it is not sufficient prejudice to overcome the general rules that neither joint tort-feasors nor principals and agents are indispensable parties.

TechINT also argued at the hearing that there was no prejudice to Red Six from the possibility of having to litigate in two forums because the only issue in a subsequent state-court action will be whether Crino was acting within the scope of his employment. The court is not certain that is accurate, for at least two reasons. First, it is unclear to the court whether TechINT is alleging that Red Six is liable to it *only* for Crino's actions or is alleging that Red Six is liable on some direct theory of liability or vicariously liable for the acts of agents other than Crino. Second, even if Red Six's liability is based solely on respondeat superior liability as a result of Crino's actions (as TechINT's counsel seemed to suggest), any subsequent claim against Red Six likely would be barred if there is a judgment in this case in favor of Crino. *Wintergreen Partners, Inc. v. McGuireWoods, LLP*, 698 S.E.2d 913, 915–16 (Va. 2010) ("It is well settled in Virginia that where a master and servant are sued together in tort, and the master's liability, if any, is solely dependent on the servant's conduct, a verdict for the servant necessarily exonerates the master.") (internal quotation marks omitted). But as some courts have held, "a judgment *against* the agent is not conclusive in an action against the principal." *E.A. Prince & Son, Inc. v. Selective Ins. Co. of the Se.*, 818 F. Supp. 910, 915 (D.S.C. 1993) (citations omitted) (emphasis in original). Thus, it is at least a possibility that Red Six may be forced to litigate similar issues both in this case (through its assistance to Crino and efforts to protect its interests) and again in state court. Because there is a potential for some prejudice, then, the first factor favors dismissal of the case.

The court also considers the possibility that there could be prejudice from inconsistent judgments against Red Six. It is true, for example, that these proceedings could result in a finding of Crino's liability to TechINT, and it is possible that a state court proceeding could result in a verdict for Red Six on the grounds that Crino did nothing wrong. Additionally, there

7

is a slim possibility of a potential for inconsistent injunctions. The court is confident, though, that, if it finds in favor of TechINT, it can draft any injunctive relief in this case in a way that will protect or vindicate TechINT's interests without directly enjoining Red Six. This is so because the most likely party to be enjoined is Sasnett, who is the person bound by the restrictive covenants. Overall, though, the court takes those possibilities into account and recognizes that there is some prejudice to Red Six from not dismissing the whole case. The court sees no prejudice, however, to TechINT, Crino, or Sasnett.

The second factor is the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided. As noted in the preceding paragraph, the court will craft any injunction to lessen at least some of the potential prejudice to Red Six. Thus, this factor is either neutral or weighs in favor of dismissing only Red Six.

With regard to the third factor—whether judgment rendered in Red Six's absence will be adequate—TechINT insists that a judgment against only Sasnett and Crino would be adequate, with an ability to pursue Red Six in state court. TechINT explained its belief that its ability to recover money damages is probably greater against Crino than against a limited liability company like Red Six. Additionally, because much of the relief sought in the case is against Sasnett, TechINT will be able to obtain that relief without Red Six's presence. Moreover, any injunction against Crino or Sasnett, even if it cannot bind Red Six *as a party*, could nonetheless bind Red Six. An injunction from this court can bind parties and "other persons who are in active concert or participation with" a party, Fed. R. Civ. P. 65(d)(2), so long as those persons have "actual notice of [the injunction] by personal service or otherwise." Thus, TechINT can obtain adequate relief without Red Six's presence.

The fourth factor—whether TechINT will have an adequate remedy if the action is dismissed for nonjoinder—is significant here. This case has been ongoing, and the parties have invested significant resources in its prosecution. If the action were dismissed, TechINT could refile in state court against all parties. Critically, though, it has expended resources in this trial, including litigating a preliminary injunction. It obtained a preliminary injunction from this court, and a final injunction is a critical aspect of the relief it seeks. To lose the benefit of the injunction it already has and to begin the case anew in a new forum would greatly prejudice TechINT. The court also believes that Sasnett could be prejudiced by a full dismissal because TechINT almost certainly would refile in state court against him and he would have to litigate anew, except that he is now *pro se*, whereas he initially had the benefit of counsel.

Assessing all of the above practicalities together, the court concludes that Red Six is not an indispensable party and that the case can go forward without it. That does not end the court's inquiry, however. The court may, but is not required to, sever a dispensable party and so must still address whether it should sever Red Six in order to preserve jurisdiction. In deciding whether severance or dismissal is the proper course, the court must "proceed pragmatically, examining the facts of the particular controversy to determine the potential for prejudice to all parties." *National Union*, 210 F.3d at 250. Also, courts should consider the "equities" of the situation in deciding whether to preserve jurisdiction. *C.L. Ritter Lumber Co. v. Consolidation Coal Co.*, 283 F.3d 226, 230 (4th Cir. 2002); Fed. R. Civ. P. 19(b) (stating court should consider the issue "in equity and good conscience").[4] The same considerations that led the court to

---

[4] Red Six argues that the court's authority to dismiss a nondiverse party (as opposed to an entire case) should be used "sparingly," but *Newman-Green*'s reference to "sparingly" clearly refers to the situation where an *appellate* court is dismissing nondiverse defendants in the first instance. *Martinez v. Duke Energy Corp.*, 130 F. App'x 629, 637 (4th Cir. 2005). "It is equally clear that *Newman-Green* does not direct *district courts* to 'sparingly' exercise" the same authority. *Id.* (emphasis in original).

conclude that Red Six is not indispensable also support severing Red Six rather than dismissing the whole case. In particular, the court finds that the prejudice to TechINT of losing its preliminary injunction and having to start litigation anew greatly outweighs any potential prejudice to Red Six.

## III.  CONCLUSION

For the foregoing reasons, Red Six's and Crino's motions to dismiss for lack of jurisdiction will be granted in part and denied in part.  Specifically, they will be granted to the extent that they seek dismissal of Red Six and will be otherwise denied.  The court will take under advisement Crino's motion to dismiss for failure to state a claim and will issue a separate opinion on that portion of his motion.   An appropriate order will be entered.

Entered: June 17, 2019.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge